IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|                                            |   |                              |
|--------------------------------------------|---|------------------------------|
| SARAH BIRDWELL,                            | ) |                              |
| Plaintiff,                                 | ) | No. 07 C 0658                |
| v.                                         | ) | Magistrate Judge Jeffrey Cole|
| WERNER ENTERPRISES, INC., a                | ) |                              |
| Nebraska corporation, GAINEY               | ) |                              |
| TRANSPORTATION, a Michigan corporation,    | ) |                              |
| SAMUEL A. ROSS, and ALVIE L. LOHR          | ) |                              |
| Defendant.                                 | ) |                              |

## MEMORANDUM OPINION AND ORDER

This lawsuit stems from a motor vehicle accident that occurred in Cook County, Illinois, on September 1, 2005. The plaintiff, Sarah Birdwell was a passenger in a truck driven by Alvie Lohr on behalf of Gainey Transportation Services. Samuel Ross was driving a second truck as an employee of Werner Enterprises, Inc. According to the plaintiff's complaint, the second truck collided with the truck in which she was riding, and she was injured as a result. The plaintiff filed suit in the Circuit Court of Cook County, naming Werner Enterprises and Mr. Ross as defendants. The plaintiff is a citizen of Kansas, Mr. Ross, currently a citizen of Texas, was at the time a citizen of Louisiana. Werner Enterprises is a Nebraska corporation. There being complete diversity of citizenship, and it appearing the requirement that there be $75,000 in controversy was met, Werner Enterprises removed the case to federal court on February 2, 2007.

Following removal, the parties engaged in a Fed.R.Civ.P. 26(f) conference on February 16, 2007, and a pretrial conference with Judge Pallmeyer on February 21, 2007. The case was

transferred to me by the parties' consent on February 22, 2007. On March 2, 2007, the plaintiff filed a motion to add Mr. Lohr – the driver of the truck in which she was a passenger – as a defendant, explaining that "[u]pon further review, [Mr.] Lohr may have been partially culpable for Plaintiff's injuries, and should be properly added as a party." Attached to the motion, and referenced in the motion's opening paragraph, was the proposed amended complaint, which indicated in the second paragraph that the new defendant, Mr. Lohr, like the plaintiff, Ms. Birdwell, was a resident of Kansas.[1] The defendants did not oppose the motion and had no objection to it when the parties appeared in court on March 7th. Thus, I granted the motion that day.

Plaintiff filed her amended complaint on March 14th. In addition to adding Mr. Lohr as a defendant, the plaintiff added Mr. Lohr's employer, Gainey Transportation, which is a Michigan corporation. Defendant, Werner Enterprises filed an answer to the amended complaint on April 3, 2007. In response to paragraph 2, in which the plaintiff identified the new defendant, Mr. Lohr, as a citizen of Kansas, defendant Werner Enterprises answered: "Defendant makes no response to the allegations directed at . . . [Mr.] Lohr, as they are not directed against this defendant . . . . Defendant lacks information as to whether the co-defendant, Mr. Lohr was a citizen of the State of Kansas and

---

[1] The defendants contend, incorrectly, that the first mention of the new defendant's citizenship was not made until Ms. Birdwell filed her amended complaint on March 14, 2007. (*Defendants' Response to Plaintiff's Motion to Remand*, at 3). But it was clearly delineated in the proposed amended complaint which, as is customary, was attached to the motion. *Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 915 (7th Cir. 1999)(quoting *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1197 (7th Cir.1985)(". . . the normal procedure is for the proposed amendment or new pleading to be submitted with the Rule 15(a) motion . . . .")). That defendants did not notice it – and indeed, did not raise it as an issue until plaintiff filed her motion to remand – is not evidence of subterfuge on plaintiff's part. There is no duty to warn adversaries, or to assist an opponent in establishing its claims. *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 2007 WL 781250, *2 (N.D.Ill. Mar. 12, 2007)(collecting cases).

therefore denies the allegations in accordance with the Federal Rules of Civil Procedure."[2] Then, on April 6, 2007, the plaintiff filed a motion to remand the case to the Circuit Court of Cook County, arguing that the addition of Mr. Lohr as a defendant destroyed complete diversity.

The defendants oppose the motion to remand. They argue that "[w]hile the Court, in its discretion, may allow the plaintiff the opportunity to amend her Complaint to pursue her claims against Lohr, the Court should consider many factors relating to fairness, judicial economy, and equity, in determining whether such an amendment was proper." (*Defendant's Response to Plaintiff's Motion to Remand*, at 4). The plaintiff's motion to amend her complaint was granted March 7th, however, and the motion presently pending is her motion to remand. Under the statute that the defendants concede is applicable, that motion must be granted.

The parties agree that 28 U.S.C. § 1447(e), which covers joinder of a non-diverse defendant after the case has been removed to federal court, governs this question. That statute provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

As such, the clear language of Section 1447(e) requires the court to *either* deny joinder of a non-diverse defendant *or* permit joinder and remand the case to state court. The Commentary on the 1988 Revision of Section 1447 reinforces the point that, once an amendment destroying diversity jurisdiction is allowed, the court has no choice but to remand the case:

> When a diversity case has been removed and the plaintiff then seeks by motion in the federal court to add a party whose citizenship would destroy diversity, a set of procedural issues arises. Must the court deny the motion? If the motion is entertained and granted, does the joinder destroy diversity? Does it mandate remand?

---

[2] Defendant Samuel Ross filed his answer on April 24th, with similar response to the second paragraph.

3

> Subdivision (e), new in § 1447, addresses the subject, giving the court only two
> options: (1) deny the motion, or (2) grant it and remand the case.

28 U.S.C.A. § 1447(Commentary on the 1988 Revision of Section 1447). Here the motion was granted, without objection from the defendants, meaning only option two is available: remand.

The Seventh Circuit has not spoken specifically on this question. It has simply reiterated the language of §1447 which does not textually invest the court with discretion to maintain a case once a joinder denying diversity has been allowed. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996)("Normally, when a plaintiff seeks to join a non-diverse party, the court may either deny joinder or permit joinder and remand the entire action to state court."). The Ninth Circuit has made clear the mandatory nature of §1447:

> . . . .although the district court's decision to allow joinder of the non-diverse defendants was a discretionary decision, *once the non-diverse defendants were joined remand became mandatory*. This is precisely the point of § 1447(e). It requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court. A district court may not allow joinder and retain jurisdiction.

*Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir.2004)(emphasis supplied). Accordingly, the plaintiff's motion to remand this case must be granted.

The cases upon which the defendant relies are inapplicable. All of them – *Vasilakos v. Corometrics Medical Systems, Inc.*, 1993 WL 390283, *1-2 (N.D.Ill. Sept. 30, 1993); *Bostrom v. Target Corp.*, 2006 WL 3370176, *1 (N.D.Ill. , Nov. 21, 2006); *Connelly v. General Motors Corp.*, 1986 WL 14140, *1 (N.D.Ill. Dec. 9, 1986) – deal with motions for leave to file amended complaints. More importantly, they deal with motions to amend that the defendants in those cases *opposed*. The situation here more closely resembles that detailed in *Pribble v. Siegwerk USA, Inc.*, 2007 WL 1021411, *3 (S.D.Ind. Mar. 28, 2007), wherein the defendants did not object to a motion

4

for leave to amend a complaint by adding a non-diverse party:

> Had Defendants initially challenged Plaintiffs' post-removal amendment to the Complaint, some alternative course might have been available. Instead, by filing their answer to the amended complaint, Defendants responded as though the amended pleading had been properly filed. As the case currently stands, no party is a citizen of Indiana, and though this fact arguably renders an Indiana court less than perfect in terms of venue, it is no more inappropriate a forum than would be this federal court. Applying the requirements of 28 U.S.C. § 1447(e) governing the addition of a party whose joinder destroys diversity, we shall remand this matter to the court from whence it originally came.

2007 WL 1021411, *3. Here, as in *Pribble*, the amendment was allowed, as defendants did not object to the motion to amend, and answered the amended complaint as though it were properly filed. Under such circumstances, Section 1447(e) requires remand.[3]

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for remand [# 31] is GRANTED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 6/8/07

---

[3] Also, as in *Pribble*, no party is a citizen of this state, which, one might imagine, makes Illinois a less than perfect forum, the only connection being that the accident occurred in Cook County.

5